IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 3:12-00217 |
| v. | ) WILLIAM J. HAYNES, JR. |
| | ) Chief Judge, U.S. District Court |
| RODNEY HENRY | ) |

## RODNEY HENRY'S MOTION AND INCORPORATED MEMORANDUM TO CONTINUE TRIAL

COMES now the accused, **RODNEY HENRY**, through counsel, Assistant Federal Public Defender, Isaiah S. Gant, and moves this Honorable Court to enter an order continuing the trial in this matter presently scheduled for Tuesday, May 21, 2012, at 9:00 a.m. In support of the foregoing motion, it is respectfully represented to this Honorable Court the following:

1. The trial of Mr. Henry's case is scheduled to commence Tuesday, May 21, 2012, at 9:00 a.m. Counsel for Mr. Henry is not in a position to proceed to trial on that date.

2. The Sixth Amendment right to counsel guarantees more than that Mr. Henry should have a lawyer. It assures "effective aid in the preparation and trial of the case. *Powell v. Alabama*, 287 U.S. 45, 71 (1932); *see Strickland v. Washington*, 466 U.S. 668, 684-88 (1984). "[T]he essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant . . .," *Wheat v. United States*, 486 U.S. 153 (1988), and the Amendment is violated when defense counsel is required to operate under circumstances that render his or her services ineffective, *Ferguson v. Georgia*, 365 U.S. 570 (1961); *Brooks v. Tennessee*, 406 U.S. 605 (1972).

3. The Sixth Amendment has repeatedly been held to condemn eve-of-trial appointments of counsel that leave the lawyer inadequate time to prepare for trial.